GARDEN, JUDGE:
During the summer of 1975, the infant claimant, Mark Harold Eisenberg, was attending the Fine Arts Camp at West Virginia University in Morgantown, and at the time he was fourteen years of age. Previously, in 1974, he had attended the three-week session of the camp, enjoyd it, and had thus returned the following year. The evidence disclosed that Mark was an above-average violinist for his age, having taken violin lessons since he was six years of age.
It was the custom to house the students attending the camp in the Towers Dormitory, but the students would attend their musical pursuits at the University’s Creative Arts Center, which is located some 2000 yards or more from the Towers Dormitory. There is a road and sidewalk leading from the Towers Dormitory to the Creative Arts Center, but apparently the distance is shorter if the students, as was apparently their custom, proceeded along a dirt path in an open field that separates the Towers Dormitory and the Creative Arts Center. The infant claimant denied that he had ever been advised by anyone at the camp that this path should not be used, but Donald Portnoy, Professor of Music at the University and *274 the Director of the Fine Arts Camp, and whose evidentiary deposition was introduced into evidence, testified that all of the students during orientation were instructed to use the sidewalk and not the dirt path through the open field. In fact, through the deposition, a notice dated July 17, 1974, was introduced into evidence which recommended that students should use the paved route rather than the dirt path. Professor Port-noy testified that a copy of the notice or bulletin was given to each student and that copies were posted on each floor of the dormitories. While the notice introduced into evidence was dated in 1974, Professor Portnoy stated that the same procedure was followed in 1975. In any event, the record is clear that the director and counselors at the camp were fully aware that, in spite of the warning, the students were using the dirt path instead of the paved sidewalk.
On the evening of July 17, 1975, at about 8:15, Mark and several other students were returning to the dormitory from an orchestra rehearsal at the Creative Arts Center. They were using the dirt path in lieu of the paved sidewalk. In attempting to pass other students who were walking more slowly along the path, Mark walked some 5 to 10 feet off the path and suddenly fell into a hole some 48 inches wide and 42 inches deep. As a result, he fractured his right arm just above the wrist. The presence of this rather large hole was obscured by the existence of long grass around it. Mark’s recovery was uneventful, and his medical expenses were less than $100.00. He remained at the camp, but because his arm was in a cast, he could not actively play his violin. The most serious consequence of the injury, however, was the fact that Mark lost interest in playing the violin, and at the time of the hearing, some two years after the áccident, he had not resumed his lessons.
Cases in respect to liability of public schools and institutions of higher learning are collected in an excellent annotation appearing in 37 ALR 3d 738. Generally, the cases hold that the institution is under a duty of ordinary or reasonable care with regard to the condition of its grounds to see that they are maintained in a reasonably safe condition. We do not feel that the evidence justifies a finding of contributory negligence on the part of this 14-year-old claimant. On the other hand, we *275 believe that the respondent, being aware that students were using this area, was under a duty to see that the same was maintained in a reasonably safe condition. We further believe that the respondent failed in this duty and was guilty of actionable negligence. To attempt to award damages for Mark’s loss of interest in the playing of the violin would involve speculation on our part, which we refuse to do. The claimant testified at the hearing that his arm had completely healed and was as good as new, but to compensate him for his pain, suffering, and nominal medical expenses, we do hereby make an award of $1,500.00.
Award of $1,500.00.